**Xiu Yun XU, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 03–4945–AG.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Mark J. Vogel, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

DECREED that the petition for review is denied and the decision of the BIA be and it hereby is AFFIRMED.

Xiu Yun Xu, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

■ As a preliminary matter, the Government correctly argues that Xu has abandoned her claim under CAT because, in her brief to this Court, she raises no challenge to the decision denying her CAT relief. *See Schwapp v. Town of Avon,* 118 F.3d 106, 112 (2d Cir.1997) (holding that appellant had abandoned claims not supported by any factual or legal arguments in his brief). Accordingly, this Court should not review that portion of the BIA order affirming the IJ's decision denying Xu's claim for relief under CAT.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft,* 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang,* 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales,* 331 F.3d at 307, 312.

■ In this case, the IJ's credibility determination was substantially supported by the evidence as a whole. The credibility determination was based on specific examples in the record of Xu's contradictory testimony regarding the fine imposed on her family, the length of her father's detention, whether she was threatened with arrest, her motivation for fleeing China, and whether the police actually sought to arrest her. Accordingly, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong,* 406 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED, and the pending motion for a stay of removal is likewise DENIED.